IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00546-RJC
(3:05-cr-00229-RJC-1)

| | |
|---|---|
| DANIEL R. SAWYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed as successive.

I. BACKGROUND

On March 23, 2006, Petitioner pleaded guilty to four counts of bank robbery and he was sentenced to a term of 160-months' imprisonment. On May 8, 2007, the Court entered judgment in his case and he did not appeal. (3:05-cr-0229, Doc. No. 33: Judgment). On March 27, 2012, Petitioner filed a *pro se* § 2255 Motion to Vacate in this District contending that he was erroneously sentenced as a career offender and he relied on the Fourth Circuit's *en banc* opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (3:12-cv-00193-RJC). The Court found that Petitioner was not entitled to relief from his sentence and his § 2255 Motion was dismissed and the Fourth Circuit dismissed his appeal. See United States v. Sawyer, 552 F. App'x 230 (4th Cir. 2013) (unpublished).

In the present § 2255 Motion to Vacate, Petitioner renews his contention that he was

1

erroneously sentenced as a career offender and he cites the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act was void for vagueness and therefore unconstitutional. (3:15-cv-00546, Doc. No. 1 at 4-5).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Petitioner contends in his second § 2255 Motion that the Johnson holding is retroactive to cases on collateral review, however Petitioner has provided no evidence that he has secured the

necessary authorization from the Fourth Circuit to file a second, successive motion under Section 2255. Accordingly, this Court is without jurisdiction to consider his claim for collateral relief under Section 2255 and the motion will therefore be dismissed. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 203, 205 (2003).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 23, 2015

Robert J. Conrad, Jr.
United States District Judge

3